UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALIK M. JUSTIN,

Plaintiff,

v.

DISH DELIVERING INNOVATION IN SUPPORTIVE HOUSING,

Defendant.

Case No. 26-cv-01778-AMO

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

On March 2, 2026, Plaintiff Malik M. Justin ("Justin") filed a complaint against Defendant Dish Delivering Innovation In Supportive Housing. Dkt. No. 1. The same day, he filed an application to proceed *in forma pauperis*. Dkt. No. 2. On March 5, 2026, the Court denied Justin's application to proceed *in forma pauperis* without prejudice, and allowed Justin to file a renewed application to proceed *in forma pauperis* no later than April 6, 2026. Dkt. No. 4. To date, Justin has not filed a renewed application to proceed *in forma pauperis*. Indeed, Justin has not filed anything further in the case since filing his complaint and application to proceed *in forma pauperis* on March 2, 2026, resulting in the reassignment of the case to the undersigned based on Justin's failure to consent to magistrate judge jurisdiction. Dkt. Nos. 8, 9. On May 28, 2026, the Court ordered Justin to show cause why this action should not be dismissed "for failure to prosecute and failure to comply with court-ordered deadlines." Dkt. No. 11 at 1. The Court further ordered Justin to file a renewed application to proceed *in forma pauperis* no later than June 12, 2026, and stated that "[f]ailure to file a renewed application . . . will result in dismissal for failure to prosecute without further notice." *Id.* To date, Justin has not filed a response to the order to show cause or a renewed application to proceed *in forma pauperis*.

Under Rule 41(b), the court may dismiss a case for failure to prosecute. In determining

whether to dismiss a case for failure to prosecute, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Here, the Court finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642. Given Justin's failure to prosecute the case despite two Court orders, this factor weighs in favor of dismissal. *See id.* Second, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Here, Justin has demonstrated "routine noncompliance," as he failed to file a renewed application, failed to respond to three notices requiring him to consent to or decline magistrate judge jurisdiction, and failed to respond to the Court's order to show cause. Third, a defendant is prejudiced where a plaintiff's actions "impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* Here, Justin has provided no reason for his noncompliance and has been absent from this case since filing his complaint and application to proceed *in forma pauperis*. Accordingly, this factor also weighs in favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."). Fourth, the Court attempted to employ less drastic alternatives that have proven ineffective. The Court issued an order to show cause, expressly warning Justin that failure to file a renewed application to proceed *in forma pauperis* would lead to dismissal. Dkt. No. 11. Because Justin failed to respond, this too weighs in favor of dismissal. *See Ferdik*,

United States District Court
Northern District of California

963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement"); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal").  Finally, the last factor – the public policy favoring disposition on the merits – weighs against dismissal here, as it always does when a party fails to prosecute.  *See Pagtalunan*, 291 F.3d at 643.

Having carefully considered all five factors, the Court concludes that dismissal for failure to prosecute is appropriate.  Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated: June 24, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**